Filed 7/2/14  P. v. Villa CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HECTOR VALENTIN VILLA,<br><br>    Defendant and Appellant. | 2d Crim. No. B250180<br>(Super. Ct. No. 2013000955)<br>(Ventura County) |

Hector Valentin Villa appeals from the judgment following his conviction by jury of second degree robbery (Pen. Code,[1] § 211) and two counts of battery on the mother of his child (§ 243, subd. (e)(1)).  The trial court sentenced appellant to three years in state prison, and issued a protective order prohibiting his having contact with the victim of the robbery.  Appellant contends the court erred in limiting his counsel's "formulation of reasonable doubt" in closing argument thereby lowering the prosecution's burden of proof.  He also contends, and respondent concedes, the court erred in issuing the protective order.  We strike the protective order but otherwise affirm the judgment.

---

**1** All statutory references are to the Penal Code unless otherwise stated.

FACTUAL AND PROCEDURAL BACKGROUND

*January 9, 2013, Robbery*

On January 9, 2013, Fidel Santiago was selling flowers on Ventura Avenue. Appellant rode a bike toward Santiago, threw it down and grabbed a bunch of flowers from his hand. When Santiago resisted, appellant knocked him down and struck him in the mouth, forehead and cheek. Appellant took a white cell phone from Santiago's pants pocket. When Santiago said he would call the police, appellant replied, "If you do, it will be worse for you," which frightened Santiago. Nonetheless, Santiago called for help, then grabbed the wheel of appellant's bike. Appellant was able to ride away. Santiago's mouth and nose were bleeding. A witness called the police.

Several hours later police officers detained appellant. Officer Jorge Rodriguez asked him if he had a white cell phone. Appellant first responded that he gave a white cell phone to his girlfriend, Christina Ramirez. He subsequently said someone else gave it to her. Later that night Santiago identified appellant as his assailant. The police recovered Santiago's cell phone from Ramirez.

*October 21, 2012, and January 9, 2013, Batteries*

Appellant and Ramirez had a contentious relationship. On April 4, 2012, and August 20, 2012, Ramirez contacted the Ventura Police Department to report that appellant had punched her. She showed the police her injuries (bruised or red areas) on each occasion. She hit appellant during each incident, but did not disclose that to the police. No charges were filed against appellant.

On October 21, 2012, while fighting with Ramirez, appellant struck her several times with his hands and covered her face with blankets to muffle her screams. Following the attack, Ramirez complained that the left side of her head hurt. At trial, Officer David Ruggerio testified that Ramirez had bruises on her shoulders, back, and one of her hands.

On January 9, 2013, Ramirez and appellant agreed to meet at a liquor store. Ramirez, who had recently given birth to their daughter, arrived before appellant. Upon his arrival he slapped or punched Ramirez in the face.

2

DISCUSSION

*Reasonable Doubt Argument*

Appellant contends that the trial court erroneously sustained the prosecution's objection to his "formulation of reasonable doubt," made in closing argument. He urges that this constituted structural error by lowering the prosecution's burden of proof. We disagree.

Before closing argument, the trial court instructed jurors with CALCRIM No. 220, as follows: "The fact that criminal charges have been filed against the defendant is not evidence that the charges are true. You must not be biased against the defendant just because he has been arrested, charged with a crime, or brought to trial. [¶] A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove a defendant guilty beyond a reasonable doubt. . . . [¶] Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true. The evidence need not eliminate all possible doubt because everything in life is open to some possible or imaginary doubt. [¶] In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial. Unless the evidence proves the defendant guilty beyond a reasonable doubt, he is entitled to an acquittal and you must find him not guilty."[2]

In his closing argument, appellant's counsel sought to explain the concept of reasonable doubt by offering his "formulation." He told the jury: "When you go back to that jury room and thoughtfully discuss everything and talk about everything and some of you might form a conclusion that, hey, I think this guy is guilty, I want you to ask

---

[2] Our Supreme Court approved the language used in CALCRIM No. 220 as correctly and properly instructing jurors on the definition of the beyond a reasonable doubt standard set forth in section 1096. (*People v. Aranda* (2012) 55 Cal.4th 342, 353-354.) Section 1096 defines that standard as follows: "'It is not a mere possible doubt . . . . It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge.'"

yourself, if at that moment, you know, someone knocks on the door and says, 'Hey, we've got a video of what happened there on the Avenue. We've got a video. Do you want to see it?' You need to be convinced that I don't need to see it. I know, and there's too many inconsistencies in this case." At this point the prosecutor objected that counsel's argument "Misstates our burden." The court sustained the objection without further comment.

Out of the presence of the jury appellant's counsel urged the correctness of his argument. The trial court disagreed, noting that counsel's description of reasonable doubt was inaccurate and that undoubtedly any juror would like to see a video of what happened no matter what their belief in defendant's guilt or innocence, and the argument mischaracterized the concept of "an abiding conviction." Counsel replied that he was not "couching it in terms of . . . whether they would like to see it . . . but whether they [felt] like they still need[ed] to see it in order to be sure of their decision."

In claiming the trial court's ruling concerning his reasonable doubt video formulation lowered the prosecution's burden of proof, appellant cites *People v. Johnson* (2004) 119 Cal.App.4th 976. *Johnson* is unavailing. In *Johnson,* the trial court not only equated the decision to convict with everyday decision making but also said prospective jurors were "brain dead" if they believed they could be convinced beyond all doubt of a defendant's guilt. (*Id*. at p. 980.) In that context, the reviewing court concluded the trial court's "tinkering" with the statutory definition of reasonable doubt, "no matter how well intentioned," lowered the prosecution's burden of proof. Trial courts should not elaborate upon or attempt to clarify or improve the language of the pattern instruction on reasonable doubt. (*Id*. at pp. 985-986.) In this case, appellant's video formulation suggested that if, after reaching a verdict of guilt, jurors wished to see a video of the events, they must have a reasonable doubt. That is neither logically sound nor legally correct. To want more is not to say that what you have is not sufficient.

In *People v. Katzenberger* (2009) 178 Cal.App.4th 1260, the prosecutor used a puzzle of the Statue of Liberty, displayed 75 percent of its pieces, and told the

4

jury, "'this picture is beyond a reasonable doubt.'" (*Id*. at pp. 1267-1268.) The court disapproved the "prosecutor's use of an easily recognizable iconic image along with the suggestion of a quantitative measure of reasonable doubt combined to convey an impression of a lesser standard of proof than the constitutionally required standard of proof beyond a reasonable doubt." (*Id*. at p. 1268.) Similarly, counsel's video formulation suggested a quantitative measure of proof, by communicating that jurors would have a reasonable doubt if they wanted to see more evidence after reaching a verdict of guilt.

Here, the trial court's one-word ruling sustaining the objection to the video formulation did not lower the prosecution's burden of proof. The court properly instructed the jury with CALCRIM No. 220. We presume the jury understood and correctly applied the instruction. (*People v. Ryan* (1981) 116 Cal.App.3d 168, 179.) Even if it were error to sustain the objection, the error was hardly "structural." The ruling did not alter, modify or "tinker" with the standard instruction on reasonable doubt. (*People v. Johnson, supra*, 119 Cal.App.4th at p. 986; *People v. Castro* (1945) 68 Cal.App.2d 491, 497.)

*No Contact Order*

Appellant contends, and respondent properly concedes, the trial court lacked authority to issue its order prohibiting appellant from having any contact with Santiago, absent evidence of a threat of future harm. (*People v. Ponce* (2009) 173 Cal.App.4th 378, 381-382; *People v. Robertson* (2012) 208 Cal.App.4th 965, 995-996.) We will strike the no-contact order.

DISPOSITION

The protective order is stricken. The trial court is directed to amend the abstract of judgment accordingly and forward it to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

6

Nancy L. Ayers, Judge

Superior Court County of Ventura

_____


Miriam R. Arichea, under appointment by the Court of Appeal, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Yun K. Lee, Peggy Z. Huang, Deputy Attorneys General, for Respondent.